## Julia W. Miller, By Her Next Friend, Plff. in Err., *v.* Pennsylvania Railroad Company, Lessee of West Pennsylvania Railroad Company.

In an action of trespass on the case for negligence, the following facts appeared: A girl, thirteen years old, was passing along a street in the daytime; her attention was attracted behind her; she turned partly around but continued to advance; after going a few steps she fell into an inlet to a sewer in the sidewalk, at the intersection of two streets, which was uncovered for repairs and unguarded.   The inlet was being repaired by the workmen of a railroad whose roadway occupied the middle of the street. It did not appear who constructed the sewer, but witnesses testified that employees of the railroad frequently cleaned it.   In an action against the lessee of the railroad, the entry of a nonsuit was affirmed by a divided court.

(Argued February 2, 1887.   Decided February 14, 1887.)

January Term, 1887, No. 215, E. D., before Mercur, Ch. J., Gordon, Paxson, Sterrett, Green, and Clark, JJ.   Error to Common Pleas of Fayette County to review a judgment of nonsuit in an action of trespass on a case for negligence.   Affirmed by a divided court.

The testimony as it appeared on the trial before Inghram, P. J., was to the following effect:

The plaintiff, a child of thirteen, lived on Peter street, in

Cited in Strawbridge v. Bradford, 128 Pa. 200, 205, 15 Am. St. Rep. 670, 18 Atl. 346.

Note.—Children under the age of fourteen are not presumed capable of foreseeing the danger from their conduct.   In such cases it is for the jury to say whether a proper degree of care under the circumstances was exercised.   Woeckner v. Erie Electric Motor Co. 176 Pa. 451, 35 Atl. 182; Philadelphia, B. & W. R. Co. v. Layer, 112 Pa. 414, 3 Atl. 874; Strawbridge v. Bradford, 128 Pa. 200, 15 Am. St. Rep. 670, 18 Atl. 346.   But the rule changes when the plaintiff is fourteen or over.   Nagle v. Allegheny Valley R. Co. 88 Pa. 35, 32 Am. Rep. 413; Hunt v. Graham 15 Pa. Super. Ct. 42.  But, even then, the infant is not to be charged with the same degree of care, as is required of the man of mature years.   Kehler v. Schwenk, 144 Pa. 348, 13 L. R. A. 374, 27 Am. St. Rep. 633, 22 Atl. 910.

Uniontown, Pa. On the morning of October 5, 1881, she started to go to her father's shop to get her school books, before going to school.

The sidewalk on Peter street is 8 feet 2 inches wide. About 100 feet eastward from where the plaintiff in error lived, Peter street corners at right angles with Broadway. The sidewalk on Broadway is 8 feet 8 inches wide. To reach her father's shop, the plaintiff in error would go from her home about 100 feet east on the Peter street sidewalk to Broadway, and then instead of turning to her right hand, south, in the direction of the school house, she would turn to her left, northwards, down the Broadway sidewalk. A brick building occupies this corner of Broadway and Peter street, extending quite a distance on each street.

As the plaintiff in error started, running, from her own door, she quickened her speed, while just as she reached the Broadway corner she thought she heard some one behind calling her name. Not stopping, but turning round or partially round to ascertain who called her, she passed the corner of the building on Broadway and Peter streets and, taking two or three steps backward, she found herself at the bottom of the Pennsylvania Railroad Company's sewer, a hole in the sidewalk 7 or 8 feet deep.

Broadway is 56 feet wide from house to house, 38 feet wide between the curbstones, and the railroad of the defendant at the point where the plaintiff was injured runs along about the middle of it. To drain the street effectually the defendant years ago constructed an underground sewer running along Broadway on the west side. At the intersection of Broadway and Peter streets, a pit or mouth is constructed to catch the waste from Peter as well as Broadway street.

This mouth or sink is located altogether within the Broadway and Peter street sidewalks, diagonally across the outer point or apex of those sidewalks. The covering for it is two iron plates, each 21 by 24 inches in size, with a 7-inch iron division between them. The size of the aperture is 49 inches, or 4 feet 1 inch long; and 2 feet wide. Early in the morning of the day the plaintiff was injured, workmen of the railway company had removed the iron plates and cross bar to clean out the sewer. The men were not there when the accident happened, and the opening was unguarded.

It was admitted that the defendant was operating the Southwest Pennsylvania Railway under a lease. The sewer was spoken

of in the testimony as having been constructed at the time the line of railway was built, but there was no proof by whom it was built. A witness was called, however, who testified that he was in the employ of the company and that he started the men to work at the inlet the morning of the accident. Other witnesses testified to having seen them clean the sewer frequently.

The court entered a nonsuit and afterwards discharged a motion to take off the nonsuit.

The assignments of error specified the entry of the nonsuit and the refusal of the motion to take it off.

*Edward Campbell,* for plaintiff in error.—The measure of duty of the city in regard to its streets is limited by the necessities of the ordinary modes of traveling on the streets. Dill. Mun. Corp. p. 1039, § 1019; Chicago v. Keefe, 114 Ill. 222, 55 Am. Rep. 860, 2 N. E. 267.

A child fourteen years of age, while playing on the sidewalk, fell into an uncovered opening in the sidewalk and was injured; held, that a judgment against the defendant would not be set aside because the child was playing at the time. McGuire v. Spence, 91 N. Y. 303, 43 Am. Rep. 668.

Capacity and understanding sufficient to be sensible of danger is not to be presumed until fourteen years of age. Nagle v. Allegheny Valley R. Co. 88 Pa. 35, 32 Am. Rep. 413.

A child of twelve years of age cannot be assumed to be negligent. Schilling v. Abernethy, 112 Pa. 437, 17 W. N. C. 364, 56 Am. Rep. 320, 3 Atl. 792.

The rule of law as to mutual negligence between adult plaintiffs and defendants does not apply to the case of a child of tender years, who is to be held only to the exercise of that degree of care and discretion ordinarily to be expected from children of that age. Negligence is a question of fact for the jury. Smith v. O'Connor, 48 Pa. 218, 86 Am. Dec. 582.

A child's capacity is the measure of his responsibility; if he has not the ability to foresee and avoid danger, negligence will not be imputed to him. Philadelphia City Pass. R. Co. v. Hassard, 75 Pa. 367; Pennsylvania R. Co. v. Kelly, 31 Pa. 372; Philadelphia, B. & W. R. Co. v. Layer, 112 Pa. 414, 3 Atl. 874.

It was a question for the jury whether, under all the circumstances, the defendant was guilty of contributory negligence. It was so held of a blind man injured on a bridge. Dill. Mun.

Corp. § 1020, p. 1040, note 1; Sleeper v. Sandown, 52 N. H. 244.

*Nath'l Ewing,* for defendant in error.—Where the facts were undisputed it is the duty of the court to declare the law. Nagle v. Allegheny Valley R. Co. 88 Pa. 38, 32 Am. Rep. 413, and cases cited; Harrisburg v. Saylor, 87 Pa. 216.

The law fixes no arbitrary period when the immunity of childhood ceases and the responsibilities of life begin. Nagle v. Allegheny Valley R. Co. 88 Pa. 35, 32 Am. Rep. 413.

The age of puberty in boys is fourteen, but in girls it is twelve. Guy, Forensic Medicine, 1st Am. ed. p. 99; Webster's Dict.

"A female at seven years of age may be bethrothed or given in marriage; at nine is entitled to dower; at twelve is at years of maturity," etc.   Sharswood's Bl. p. 464.

Children, male or female, at twelve years of age, are, by express legislative enactment, authorized to be employed in factories and mines. Act April 21, 1849, 1 Purdon's Digest, pp. 771, 772; Act June 11, 1879, 1 Purdon's Digest, p. 886; Act March 3, 1870, § 10, 2 Purdon's Digest, p. 1181.

All the plaintiff was called upon to do was to look, to see, even if she had not already looked and seen, and to stop. In this respect it is like the case of Anderson v. Pennsylvania R. Co. 4 W. N. C. 276.

The negligence of the plaintiff was also of a grosser character than that which is detailed in the case of Dietrich v. Baltimore & H. S. R. Co. 58 Md. 347, where the court was sustained in withdrawing the case from the jury.

In Wendell v. New York C. & H. R. R. Co. 91 N. Y. 420, a child seven years of age was assumed to be *sui juris* and responsible for his negligence, and the lower court was reversed for refusing to nonsuit the plaintiff.

In 25 Am. & Eng. R. Cas. 355, n. a child eleven year of age was adjudged guilty of contributory negligence.

In Moore v. Pennsylvania R. Co. 99 Pa. 301, 44 Am. Rep. 106, this court affirmed the action of the lower court in awarding a nonsuit, on the ground of the contributory negligence of a boy of less than ten years of age. To the same effect are Reynolds v. New York C. & H. R. R. Co. 58 N. Y. 248; Day v. Flushing, N. S. & C. R. Co. 75 N. Y. 610; and Mangan v. Atterton, L. R. 1 Exch. 239.

King v. Thompson, 87 Pa. 365, 30 Am. Rep. 364, rules this case.

The burden is on the plaintiff to prove that the negligence of the defendant caused the injury without contributory negligence on the part of the party injured. Baker v. Fehr, 97 Pa. 70; Wendell v. New York C. & H. R. R. Co. 91 N. Y. 420; Waters v. Wing, 59 Pa. 211.

PER CURIAM:

The judges who heard this case are equally divided in opinion; therefore,

Judgment affirmed by a divided court.